UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
APR -7 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

AMANDA DEANNE SMITH,

    Plaintiff,

v.                             ACTION NO. 2:08cv281

OFFICER R. R. RAY, et al.,

    Defendants.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on a variety of pending motions, as set forth below.

I. **Consolidated City Defendants' Motion to Dismiss or for Summary Judgment (Docket #27)**

On November 18, 2008, the Consolidated City Defendants[1] filed a Motion to Dismiss or for Summary Judgment, in Case No. 2:08cv449.[2]

---

[1] This phrase refers to all defendants except defendant Tony F. Bullard.

[2] Case No. 2:08cv449 was consolidated with Case No. 2:08cv281 by Order of October 28, 2008, after which Case No. 2:08cv449 was dismissed, with all operative pleadings being merged into Case No. 2:08cv281. Plaintiff argues that the court improperly dismissed Case No. 2:08cv449 in its Order of December 12, 2008. The fact of the matter is that the court acted as it did in an attempt to clarify the multiple pleadings that had been filed, and to sort through plaintiff's duplicative submissions. In short, the Order sought to bring the parties, and this court, onto the same page. Any procedural wrinkles that developed as a result of the December 12, 2008, Order, were brought about by the befuddling way in which plaintiff's counsel has chosen to proceed with this action. Importantly, all of plaintiff's claims in Case No. 2:08cv449 survived the December 12, 2008, dismissal, and are being addressed herein with respect to the Consolidated City Defendants' Motion for Summary Judgment.

The matter was referred to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit proposed findings of fact, if applicable, and recommendations for the disposition of the motion.

A hearing was conducted on January 23, 2009. Magistrate Judge James E. Bradberry issued a Report and Recommendation on February 13, 2009 (the "Report"), and recommended that summary judgment be granted as to plaintiff's claims brought pursuant to 42 U.S.C. § 1983. After concluding that plaintiff "has failed to demonstrate a constitutional violation," the Report further recommended that this court decline to exercise supplemental jurisdiction over plaintiff's state law claims. (Report 24.) Both the Consolidated City Defendants and defendant Tony F. Bullard filed objections to the Report on February 20, 2009. Plaintiff submitted objections to the Report on February 27, 2009, and responded to the objections raised by defendants on March 4 and 5, 2009.[3] No other filings have been received and the time for filing has expired. As such, the matter is now ripe for review.

The court, having examined the objections and made de novo findings with respect thereto, does hereby adopt and approve in full the findings and recommendations set forth in the Report and Recommendation of Magistrate Judge Bradberry filed February 13, 2009.

---

[3] Plaintiff responded to the Consolidated City Defendants' objections on March 4, 2009, and to defendant Bullard's objections on March 5, 2009.

Accordingly, the Consolidated City Defendants' Motion to Dismiss or for Summary Judgment is **GRANTED** with respect to plaintiff's claims arising under 42 U.S.C. § 1983. Further, this court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction when it has dismissed the claims over which it has original jurisdiction); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[Supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right."). These state law claims are hereby **DISMISSED** without prejudice.[4]

## II. Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) and Motion to Amend and/or to Consolidate Pleadings (Docket #68 and 69)

Also pending before the court are plaintiff's "Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)" and "Motion to Amend, and/or in the Alternative to Consolidate Pleadings," both filed January 23, 2009. Although styled differently, the two motions ask for identical relief. As such, they will be discussed together.

Plaintiff seeks to (1) reinstate Case No. 2:08cv449 and allow both Case No. 2:08cv281 and 2:08cv449 to proceed together; and (2) amend the Original Complaint in Case No. 2:08cv281 and the Second Amended Complaint to name Officer Jay Keatley. Alternatively, plaintiff seeks to consolidate these two pleadings, and then amend

---

[4] Plaintiff's Motion for Additional Discovery in this federal court pursuant to Fed. R. Civ. P. 56(f) (Docket #51) is now **MOOT**.

them both to name Officer Keatley. Because the court finds that neither proposed course of action is appropriate, and further finds that allowing plaintiff leave to amend is not warranted, each of these motions is **DENIED**.

This case comes before the court with a complex and protracted procedural history that, in the interest of brevity, need not be repeated herein.[5] Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course before a responsive pleading is served. After that opportunity has passed, the party may amend only by leave of court. Fed. R. Civ. P. 15(a)(2); see also Nat'l Bank of Wash. v. Pearson, 863 F.2d 322, 327 (4th Cir. 1988) (noting that the decision whether to grant leave rests within the sound discretion of the district court). While leave to further amend should be "freely given," reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, <u>repeated failure to cure deficiencies by amendments previously allowed</u>, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," and others justify a district court's denial of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis added).

As documented in numerous orders of this court, plaintiff has had several opportunities to present her case through a properly pled

---

[5] Magistrate Judge Bradberry's Report, as well as this court's orders of December 12, 2008, and January 15, 2009, thoroughly describe the procedural history of this matter.

complaint. Plaintiff's counsel is clearly unfamiliar with federal court practice, as well as the rules of federal civil procedure and the rules of this court. In fact, plaintiff continues, inappropriately, to plead new theories of recovery.[6] Plaintiff has repeatedly failed to cure deficiencies in her pleading. See, e.g., Glaser v. Enzo Biochem, Inc., 464 F.3d 474, 480 (4th Cir. 2006) (no abuse of discretion in denying motion to amend because plaintiffs had "many opportunities to present their claim," where plaintiffs had several months of pre-complaint discovery and had set forth four iterations of their complaint); Ahmed v. Chesapeake Hosp. Auth., 803 F.2d 1180 (4th Cir. 1986) (unpublished table decision) (denial of motion to amend proper given pro se plaintiff's numerous opportunities to state his claim in a coherent fashion, and his "continuing inability to do so[.]"). Plaintiff's repeated failure to cure deficiencies in her pleading, after being given numerous opportunities to do so, weighs against this court affording her leave to amend yet again.

Further, the court notes that allowing plaintiff to amend again would only further confuse and complicate matters. Plaintiff submitted three different proposed amended complaints with her Motion

---

[6] For instance, in her response to the Consolidated City Defendants' Motion to Dismiss or for Summary Judgment, plaintiff contends that the search of the residence where she was a guest when this incident occurred violated the Fourth Amendment. The Second Amended Complaint contained no such allegation. See Report at 10 n.4.

5

to Amend and/or to Consolidate Pleadings. See Docket #69-2, 69-3, and 69-4. These amended complaints contain parties and causes of action that were dismissed, on plaintiff's motion, weeks before her motion to amend was filed.[7] Should the court afford plaintiff leave to amend, plaintiff may again submit an inaccurate complaint. Additionally, leave to amend is not warranted because of plaintiff's counsel's abuse of this court's process. Plaintiff has been given several opportunities to present coherent, cogent, and complete pleadings. This case concerns an incident that occurred in September, 2006. Two separate federal actions have been filed, and this court has spent countless hours attempting to wade through plaintiff's submissions. In short, plaintiff's apparent inability to straighten out her case weighs against amendment.

Finally, it is not clear whether plaintiff has any meritorious federal claims. Based on the submissions to this court, plaintiff likely does not have a cognizable claim of a direct violation of 42 U.S.C. § 1983. See, e.g., Report at 14, 18 (concluding that no reasonable juror could find that Officer Ray did not possess the requisite articulable suspicion for an investigative detention of

---

[7] For instance, plaintiff's "Proposed Consolidated Cases Complaint" (Docket #69-3) names the City of Virginia Beach Police Department, Officer Kevin Murphy, and Officer Donald Austin as defendants. On January 14, 2009, well before plaintiff filed her motion to amend, the court granted plaintiff's motion to dismiss these defendants. See January 14, 2009, Order at 2. It is beyond the court's comprehension why plaintiff would continue to name defendants she has already dismissed.

plaintiff, nor that he used excessive force in arresting plaintiff).[8] At most, plaintiff could perhaps have a state law tort claim against one of the City of Virginia Beach Police Officers or defendant Bullard. To the extent she does, plaintiff is free to proceed with her such claims in state court. This court, however, refuses to further tolerate plaintiff's "sloppy" pleading or to expend further resources untangling the procedural Gordian knot into which this case has devolved, and will obviously continue to evolve through the filing of yet another amended complaint.[9]

### III. Motions Concerning Defendant Bullard (Docket #91, 96, and 97)

Lastly, currently pending are three motions concerning defendant Tony F. Bullard: (1) defendant Bullard's Motion for Summary Judgment, filed March 6, 2009; (2) plaintiff's Motion to Voluntarily Dismiss Claim for Assault Against Bullard, pursuant to Fed. R. Civ. P.

---

[8] Additional evidence that plaintiff's § 1983 claims are likely meritless is found in the transcript from the summary judgment motion hearing held before Magistrate Judge Bradberry. See, e.g., Tr. at 6-7. For example, after hearing plaintiff's argument that excessive force was used during the arrest, Judge Bradberry remarked: "If you think that's excessive force, then there is no question this case is not going to survive. This case is not going to survive." Further, with respect to plaintiff's allegation that Officer Ray and defendant Bullard were unlawfully present on the property where this incident occurred, Judge Bradberry noted that this argument is "going to lose," and plaintiff does not "even get off the ground on that [argument]." Id. While Judge Bradberry's comments are not dispositive to the issues they addressed, they provide persuasive insight into whether plaintiff has any meritorious federal claims, and whether further amendment would be to any avail.

[9] See supra notes 6, 7, and 8, and accompanying text.

41(a)(2), filed March 17, 2009; and (3) plaintiff's "Motion to Cause Tony Bullard to File Sworn &/or Certified Copies of Documents Referred to in Affidavits in Support of Motion for Summary Judgment or in the Alternative to Strike from the Record Said Affidavit," also filed March 17, 2009. Because the only claims plaintiff asserted against defendant Bullard were assault and battery, and this court has declined to exercise supplemental jurisdiction over plaintiff's state law claims, see supra Part I, each of these three pending motions is now **MOOT**.[10]

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Final Order to all counsel for both parties and to Magistrate Judge Bradberry.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
United States District Judge

Norfolk, Virginia
April 7, 2009

---

[10] The Consolidated City Defendants' Motion for Physical and Mental Examination of Plaintiff pursuant to Fed. R. Civ. P. 35 (Docket #80) is likewise **MOOT**.