UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Amanda Deanne Smith,

    Plaintiff,

v.                                              2:08CV281

Officer R.R. Ray, et al.,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Amanda Deanne Smith's ("Plaintiff" or "Smith") Motion to Re-Open Case No. 2:08cv449 (the "449 Complaint" or the "449 Case") to relitigate claims of bystander liability against the Defendants, Officer R.R. Ray ("Ray") and Officer Jay Keatley ("Keatley"). (ECF No. 130). Defendants opposed the motion on August 25, 2011. (ECF No. 131). On August 31, 2011, District Judge Rebecca Beach Smith entered an Order pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b) designating the undersigned to conduct hearings and submit a recommendation for the disposition of the matter. The Court held a hearing on September 9, 2011 at which Darren Hart, Esq. appeared on behalf of the Plaintiff, and Michael Beverly, Esq. and Terry Jenkins, Esq. appeared on behalf of the

1

Defendants. The Official Court Reporter was Tami Tichenor. For the reasons stated on the record and set forth below, the undersigned recommends that the Court deny Plaintiff's motion to re-open the 449 Case.

## I. **PROCEDURAL HISTORY**

Plaintiff's original Complaint was filed in Virginia Beach Circuit Court, removed to this Court on June 18, 2008, and assigned case number 2:08cv281 (hereafter the "281 Complaint"). The 281 Complaint contained allegations against Officer Ray and another unknown City of Virginia Beach police officer, described in the style of the case as Unknown Officer, and in the body of the 281 Complaint as Second Officer. The claims relate to events that transpired after Plaintiff Amanda Smith ("Smith") was arrested by Ray on September 21, 2006. (ECF No. 1-5). The 281 Complaint, which remains before the Court, asserts that Ray used excessive force during Smith's arrest. (ECF No. 119). It also asserts that the Unknown Officer (now identified as Officer Keatley) sexually assaulted her during a pat-down search. The 281 Complaint asserts claims against Ray and Keatley for assault, battery, false imprisonment, malicious prosecution, and constitutional claims under 42 U.S.C. § 1983.

On September 22, 2008, Smith filed a separate action, which arose out of the same series of events. The second claim, which Smith filed directly in this Court, was assigned civil number

2

2:08cv449. The 449 Complaint contained all of the same factual allegations as the 281 Complaint. It described the alleged actions of Ray and the Unknown Officer, but did not contain the substantive claims which had been alleged against them in the 281 Complaint. Instead, Smith named new defendants, including a civilian, several additional officers (including Keatley) their supervisors, and the City of Virginia Beach as their employer. The 449 Complaint asserted theories of bystander, supervisory, and municipal liability under 42 U.S.C. § 1983, as well as state tort claims.

The two actions were consolidated on October 29, 2008, and eventually the Court entered an Order emphasizing that Smith's Second Amended 449 Complaint, which she filed after consolidation, would be <u>the sole active complaint</u> in the matter (ECF No. 52 at 2), effectively dismissing the 281 Complaint and its claims against Ray and the Unknown Officer.

The defendants filed a motion for summary judgment which was referred to a Magistrate Judge for a report and recommendation. Confirming the Magistrate Judge's recommendation, the Court granted judgment in favor of the defendants on the federal claims set forth in the Second Amended 449 Complaint, including the claims of bystander liability against Keatley and Ray, and declined jurisdiction of the state claims. (ECF No. 102). Smith appealed to the Fourth Circuit Court of Appeals. (ECF No. 103).

The Fourth Circuit found the Court correctly dismissed Smith's

3

claims of bystander, supervisory, and municipal liability in the Second Amended 449 Complaint and appropriately declined jurisdiction over the remaining state claims, but remanded the case to revive the original 2:08cv281 Complaint for further proceedings. (ECF No. 107 at 11).

Smith has now moved to re-open the 449 Complaint under Fed. R. Civ. P. 60(b), arguing that a "K-9 Used of Force Form" ("K-9 Use Report") and testimony from the depositions of Officer Ray and Officer Keatley, constitute newly discovered evidence that was improperly withheld. (ECF No. 130). According to Smith's motion, the new evidence warrants reopening the 449 Case to permit her to re-litigate her bystander liability claims against the two officers. Because neither the K-9 Use Report nor the deposition testimony are new evidence which could not have been discovered by reasonable diligence, the undersigned recommends the Court deny Plaintiff's motion.

## II. Analysis

Relief under Rule 60(b) is an "extraordinary remedy," warranted only under "exceptional circumstances." Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979). Rule 60(b)(2) provides grounds for relief from a final judgment in the event of newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Rule 60(b)(3) provides the same remedy for cases of

fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. See Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). Under both 60(b)(2) and (3) the motion for relief must be filed within one year from entry of final judgment. See Fed. R. Civ. P. 60(c).[1] Plaintiff does not allege that any of the other grounds for relief from a final judgment outlined in Rule 60(b) apply to this case.

Smith's primary argument for relief from judgment involves the K-9 Use Report completed by Officer Keatley following Smith's arrest and provided by Defendants in revised Fed. R. Civ. P. 16(a) disclosures. (ECF No. 130-1). Plaintiff argues that this newly discovered report provides grounds to re-open the 449 Case against Keatley and Ray to relitigate her claims of bystander liability. (Pl. Mot., ECF No. 130). The new report, according to Smith, reveals that Officer Keatley "…may have and likely did witness Officer Ray's use of force against Smith." Defendants disagree, arguing that the K-9 Use Report contains no new evidence, and that the information in it was already presented to the Fourth Circuit which affirmed the Court's ruling that Keatley was not liable as a bystander. (Def. Mem. Opp., ECF No. 131); Smith v. Ray, 409 Fed.

---

[1] Though not raised by Defendants, it appears Smith's motion is untimely. Final judgment in this Court was entered April 7, 2009 (ECF No. 102), more than two years before Smith sought 60(b) relief. Although Smith appealed the Court's decision, a pending appeal does not toll the one year limit set out in the Rule. King v. First Am. Investigations Inc., 287 F.3d 91, 92 (2nd Cir. 2002). Nevertheless, as Smith's motion could be construed as a request for general relief under Rule 60(b)(6), the Court will examine the merits of the proffered new evidence.

Appx. 641, 649 (4th Cir. 2011). After reviewing the K-9 Use Report and the record before the Fourth Circuit, the undersigned finds it is not "new evidence."

The K-9 Use Report contains no new facts not previously established in the record. It identifies Keatley's role in the event, confirms the date, and in relevant part, states, "Priority two assist officer. Officer still wrestling on ground with suspect upon arrival. Canine used for officer protection as suspect was subdued and handcuffed by Officer R. Ray and me." (ECF No. 137-4). This information reflects, almost identically, the circumstances recounted by Officer Keatley in his Affidavit filed on November 18, 2008, in support of the original motion for summary judgment on the 449 Complaint. (Keatley Aff., ECF No. 28-2 at 3). Keatley's affidavit states,

> "When I arrived at Officer Ray's location, I observed that Officer Ray was lying across the back of a female, Plaintiff Amanda Deanne Smith, securing her to the ground on her stomach. Plaintiff was screaming incoherently and flailing her hands and body in resistance to Officer Ray's efforts to secure her. Officer Ray advised me that he did not require the assistance of my K-9 partner but instead he needed my assistance to place handcuffs on Plaintiff. I assisted Officer Ray in placing Plaintiff in handcuffs." Id.

Keatley's presence during Smith's arrest was also briefed in Defendants' Memorandum filed on the same day (ECF No. 28), and Smith's Opposition to the motion filed on December 11, 2008. (ECF No. 50-1). In Defendants' Motion, they recounted the facts

6

surrounding Officer Keatley's arrival, stating:

> "Officer Keatley was the first officer to arrive on the scene to assist Officer Ray. When Officer Keatley arrived on scene, he exited his marked police vehicle with his K-9 partner. … When Officer Keatley arrived at Officer Ray's location, he observed that Officer Ray was lying across Plaintiff's back, securing her to the ground on her stomach. Plaintiff was screaming incoherently and flailing her hands and body in resistance to Officer Ray's efforts to secure her. Officer Ray advised Officer Keatley that he did not require the assistance of Officer Keatley's K-9 partner, but instead he needed Officer Keatley's assistance in placing Plaintiff into handcuffs. Officer Keatley assisted Officer Ray in placing Plaintiff into handcuffs. Officer Keatley used a stiff arm technique with one hand to keep his K-9 partner a safe distance away from Plaintiff while he secured on of the Plaintiff's arms with his other hand." (ECF No. 28 at 7-8).

Again, this information mirrors – and expands upon – the description contained in the K-9 Use Report. Moreover, in her point-by-point response to these asserted undisputed facts Smith admitted almost every one. (ECF No. 50-1, at 6). The only point she disputed was the claim that Ray was lying across her back. Her brief contended instead that he was kneeling on her back. Id.

The K-9 Use Report, "evidence," therefore, was already part of the record. Moreover, the Fourth Circuit expressly considered Keatley's presence at the scene when it affirmed the Court's entry of final judgment finding Keatley not liable as a bystander. Smith v. Ray, 409 Fed. Appx. at 649. Its opinion notes: "We nonetheless agree with the reasoning of the district court and magistrate judge as to the insufficiency of the bystander liability claims. Keatley

7

<u>was the only officer present at the time of the altercation</u>. However, Smith admits that Keatley did not arrive until she was being handcuffed, and picked up from the ground. Thus, Keatley would not have been present to witness the use of excessive force." <u>Id.</u>, (emphasis added). The information contained in the K-9 Use Report - that Keatley was present and assisted Ray in handcuffing Smith - was already before the Court and is not new evidence.

Smith argues that the use of the word "subdued" in the K-9 Use Report reflects a new set of facts showing that Keatley was present while Officer Ray allegedly used excessive force. (ECF No. 130 at n.3). The undersigned does not find that use of the word "subdued" is sufficiently different from the facts previously litigated, especially those admitted by the Plaintiff herself, to constitute new evidence. The record already reviewed established that Keatley arrived when Ray had Smith pinned to the ground with her arms flailing. Securing her in handcuffs would necessitate that she be "subdued," and no escalation of the behavior already described is necessarily implied by the word. Therefore, the K-9 Use Report falls outside the purview of newly discovered evidence addressed by Rule 60(b)(2) because it contains only information already in the record.

Plaintiff's misconduct assertion appears to rest on her claim that the K-9 Use Report was deliberately concealed and that Ray is perpetuating a "blue wall of silence." This conclusory allegation

that the report was not produced because Defendants are "engaging in a blue wall of silence," whereby Ray will not testify against Keatley, is totally unsupported in the record. Defendants state that they produced the K-9 Report as soon as counsel became aware of its existence. (Defs.' Mem. Opp., ECF No. 131 at 2). Plaintiff presents no evidence to the contrary. In addition, given that the Report is entirely consistent with both Defendants' sworn statements, the consequence of its late disclosure is harmless. Smith's counsel cites to Ray's deposition in which he acknowledges he has heard the term "blue wall of silence" before. (ECF No. 130-6). However, his testimony extends no further than simple acknowledgment of the term, and the conclusory statement provides no basis for finding that Defendants improperly withheld the K-9 Use Report, which in any event is entirely consistent with the previously contested record in the case. As a result, the circumstances fall far short of preventing Smith from fully presenting her case. Shultz, 24 F.3d at 630.

Smith also argues that admissions by Ray and Keatley in their depositions constitute newly discovered evidence because counsel did not have time to take their deposition prior to the Court's decision on Summary Judgment. The Court finds this argument unpersuasive. Discovery in the case began on June 24, 2008 and the date fixed for noticing depositions was August 11, 2008. Plaintiff's counsel was not required to file a response to summary

judgment until December 11, 2008- four months after she could have noticed these depositions. Ray and Keatley were available to Plaintiff while the discovery was still open, her counsel had the opportunity to depose both Officers. Their testimony was not "new evidence" which could not have been obtained with reasonable diligence. Fed. R. Civ. P. 60(b)(2); See Travelers Cas. & Sur. Co. v. Crow & Sutton Assocs., 228 F.R.D. 125, 130 (N.D.N.Y. 2005) (denying 60(b)(2) relief when movant failed to utilize discovery enforcement mechanisms).

Finally, Smith argues that Defendants failed to respond to her Requests for Admissions and therefore, under Rule 36(a)(3) the statements contained within them shall be deemed admitted. (ECF No. 130 at 3). Her counsel attached unsigned copies of the requests and asserted that the signed and served copies had not been answered, and were thus deemed admitted. If admitted, the requests would contradict the prior record in the case. Defendants failed to address this allegation in their memorandum in response, but represented to the Court at the hearing that they produced timely signed responses to the requests, and are unsure why Plaintiff claims she did not receive them. Because the Court has no signed copy of the Admissions, and Defendants' counsel proffered that they were timely answered, the undersigned makes no finding with regard to those Admissions. Plaintiff may move for an evidentiary hearing on this matter should she wish to deem the requests admitted with

regard to other matters.

### III. RECOMMENDATION

The K-9 Use Report presents no new evidence as required to re-open a case under Rule 60(b)(2). The facts it contains were already established in the record and considered by the Fourth Circuit in affirming the Court's conclusion that neither Keatley nor Ray were liable as bystanders. The Plaintiff has further failed to show any evidence of improper withholding as required under Rule 60(b)(3). The depositions of Officers Ray and Keatley were available through reasonable diligence. Therefore, the undersigned recommends the Court DENY Plaintiff's Rule 60(b) motion to re-open Case No. 2:08cv449.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommenda-

tions to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 13, 2011